**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4584**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ODELL LAMECHE OVERBY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:18-cr-00082-FL-1)

Submitted: March 14, 2019                          Decided: March 18, 2019

Before WYNN and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Odell Lameche Overby appeals the 120-month sentence imposed after he pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Overby's sole challenge on appeal is that the district court erroneously failed to address his nonfrivolous arguments in favor of a downward variant sentence, thereby rendering his sentence procedurally unreasonable. We affirm.

We review Overby's sentence for reasonableness, applying an abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 46 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *See id.* at 51. Thus, we must first assess whether the district court properly calculated the advisory Sentencing Guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2012), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. *See id.* at 49-51; *United States v. Lynn*, 592 F.3d 572, 575-76 (4th Cir. 2010).

"[W]e have held that for every sentence—whether above, below, or within the Guidelines range—a sentencing court must place on the record an individualized assessment based on the particular facts of the case before it." *Lynn*, 592 F.3d at 576 (internal quotation marks omitted); *see also United States v. Montes-Pineda*, 445 F.3d 375, 380 (4th Cir. 2006) ("District courts are obligated to explain their sentences, whether those sentences are within or beyond the Guidelines range, although they should especially explain sentences outside this range." (internal quotation marks and alteration omitted)). This individualized assessment requires that district courts consider the

2

defendant's nonfrivolous arguments for a downward departure, impose an individualized sentence based on the characteristics of the defendant and the facts of the case, and explain the sentence chosen. *See Gall*, 552 U.S. at 50. Therefore, a perfunctory recitation of the defendant's arguments or the § 3553(a) factors "without application to the defendant being sentenced does not demonstrate reasoned decisionmaking or provide an adequate basis for appellate review." *United States v. Carter*, 564 F.3d 325, 329 (4th Cir. 2009). However, a sentencing court's explanation will be sufficient if it, "although somewhat brief[ly], outline[s] the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments for a downward departure." *Lynn*, 592 F.3d at 584 (internal quotation marks omitted).

We have considered Overby's appellate arguments in conjunction with the record and conclude that the district court expressly and adequately explained its reasons for rejecting Overby's arguments for a below-Guidelines sentence. Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*